UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| vs. | ] 7:13-cr-149-LSC-JEO-1 |
| MURRY MALONE BAILEY, | ] |
| Defendant. | ] |

## Findings of Fact

The Defendant, Murry Malone Bailey ("Bailey"), is charged by way of indictment with violating 18 U.S.C. § 2251(a) in Count One through Four and with violating 18 U.S.C. § 2252A(a)(5)(B) in Count Five.  This Court granted Bailey's request to be tried without a jury. Prior to the pronouncement of the verdict and judgment, Bailey, pursuant to Rule 23(c), requested that this Court "state its specific findings of fact in open court or in a written decision or opinion." Rule 23(c), Federal Rules of Criminal Procedure.  Thus this Court makes the following specific findings of fact beyond a reasonable doubt:

All of the acts constituting the offenses alleged in the indictment

occurred in the Northern District of Alabama and specifically in Tuscaloosa County, Alabama. All of the violations alleged in the indictment occurred on dates reasonably near the dates alleged. All of the acts and video recordings constituting the offenses alleged in the indictment occurred while the child victim (who has been referred to on the record as "S.C.") was no more than sixteen years of age. For the purpose of these findings, the minor child, S.C., will be referred to from this point as "the Child".

Prior to the occasions made the subject of the video tapes submitted into evidence in the trial, Bailey had molested, sodomized, and sexually abused the Child. While he is not charged with these specific crimes in the indictment, such conduct clearly evidences Bailey's intent, motive and his absence of mistake with regard to the actions he took that are relevant to the charges in the indictment. It also further explains how Bailey was able to employ, use, persuade, induce, entice, and coerce the Child to engage in the sexually explicit conduct that was recorded by him.

When Bailey had his camera and recording equipment prepared to make a visual depiction, he would leave the Child a note, that she would find on her bed after she returned home from school, instructing her to

masturbate on the living room furniture.  Bailey selected the camera angle and furniture upon which the Child would perform such acts for the purpose of focusing upon the pubic area of the Child while she was masturbating. Bailey intended for the Child to perform the act of masturbation while he was transmitting the images of her acts from the camera in the residence to a receiver and television located in his shop. There Bailey viewed and made video recordings of the masturbation by the Child. The recordings were made by Bailey with intent to watch them again later.  His intention to view such visual depictions is evidenced by his recording the conduct on VHS tapes rather than simply watching the conduct on the television screen as it was occurring, his storage of some of the images of masturbation on his laptop computer with such files having been accessed on dates after their creation and storage, and the convenient location of the VHS tapes on his desk.

  Bailey also intentionally recorded his own manipulation of the genitals and fondling of the breasts of the Child as seen in Government's Exhibit 4. His conduct on this occasion was clearly intended by him to induce the Child to masturbate.  Bailey was aroused by the Child's masturbation—even to the

point of verbalizing how he would further sexually molest and sodomize the Child on the day following that video recording. Bailey provided the Child alcoholic beverages to induce her to masturbate while he was producing a visual depiction of such conduct.  Bailey is seen in Government's Exhibit 4 giving to the Child money in order to entice her to masturbate after which he returns to the shop to record the Child's performance.  The Child leaves the room and after changing into a pair of short shorts she returns and positions herself on the designated recliner where she is expected to masturbate.  This is clearly Bailey's expectation as he states out loud, while he is watching the Child from his shop, "Come on you little bitch.  You gonna run out of time.  You better stick your hand down there and go to playing with that son of a bitch."

      The evidence is undisputed that Bailey left many (more than four) notes for the Child with instructions as to when and where she was to perform sexually explicit conduct. She was fearful of the ramifications of her not performing as directed by Bailey. While there were three videos introduced into evidence  (Government's Exhibits 1, 2, and 3) that clearly displayed the Child masturbating as instructed by Bailey, this Court finds

that Bailey not only knowingly employed, used, persuaded, induced, enticed, and coerced the Child to engage in sexually explicit conduct on those three occasions, but also on other occasions including but not limited to the occasion evidenced by Government's Exhibit 4. This Court finds that the masturbation by the Child was sexually explicit conduct. Each occasion, such as those recorded in Government's Exhibits 1, 2, 3 and 4, constituted a separate and distinct incident of the Defendant knowingly employing, using, persuading, inducing, enticing, and coercing the Child to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

   Bailey intended to capture, transmit and record, with regard to the occasions depicted in Government's Exhibits 1, 2, 3, and 4, a visual depiction of the Child's sexually explicit conduct. While the Child did not engage in masturbation in Government's Exhibit 4, Bailey nonetheless knowingly induced and enticed her to masturbate on that occasion and intended to produce a visual depiction of her masturbating on that occasion.

   With regard to all of the visual depictions and recordings of the Child masturbating, Bailey used materials that have been mailed, shipped, and

transported in interstate or foreign commerce.

With regard to the charge in Count Five of the indictment, this Court finds that Bailey knowingly possessed and accessed with intent to view an item or items of child pornography, specifically the digital or otherwise recorded images of the Child masturbating. These images of the Child masturbating constituted images of the Child performing sexually explicit conduct. Bailey possessed these items on the laptop computer he turned over to the law enforcement officers as well as on the video tapes discovered by law enforcement on his desk at or near the same time.  Such item or items of child pornography had been produced using materials that had been mailed, shipped or transported in interstate or foreign commerce. Further, Bailey knew the visual depictions of the Child masturbating would and did constitute child pornography when he possessed them.

With regard to the notice of forfeiture, all of the items listed therein are due to be forfeited to the United States.  This Court will enter a written order specifically forfeiting those items on or about the date of sentencing.

Done this 1st day of August, 2013.

                                                    L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE
                                                                                [160704]